IKE CRISWELL v. THE STATE.

No. 6003.  Decided March 2, 1921.

1.—Burglary—Private Residence—Sufficiency of the Evidence—Recent Possession.

Where, upon trial of burglary of a private residence, the evidence was sufficient to support the conviction, although circumstantial, there was no reversible error.

2.—Same—Recent Possession—Circumstantial Evidence.

Where, upon trial of burglary of a priviate residence, the evidence showed possession of recently stolen property unexplained, the knowledge of defendant of the alleged stolen property prior to its disappearance, and that when found it was wrapped in an envelop addressed to the defendant, the conviction is sustained and the motion for rehearing is overruled.

Appeal from the District Court of Polk. Tried below before the Honorable L. D. Guinn.

Appeal from conviction of burglary from a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*P. R. Rowe,* for appellant.

LATTIMORE, JUDGE.—Appellant was convicted of burglary of a private residence and his punishment fixed at confinement in the penitentiary for five years.

The alleged burglary was of the private residence of one Roach, who had fifty-four dollars which he kept in a pocket book in a tool box in said residence. Roach testified that he saw this money about five o'clock on the afternoon before the night of its loss. He also said that a few days before the burglary appellant saw this money in his possession. The next morning the money was gone. Appellant was at the Roach house the night the money was missed at about dark and saw Roach leave home accompanied by his wife and appellant's wife, going

to church, from which some members of the party returned about ten-thirty o'clock that night. Roach's wife testified that when she came back from church she came back by appellant's home and that he opened the door and let her and his wife in. A brother of Roach's wife was sleeping in the Roach home during the absence of Roach and his wife at church, and this boy testified that he was awakened while they were gone by a noise as if someone were stumbling over a chair, but he was scared and did not get up. At once upon discovering his loss the next morning, Roach notified officers who searched appellant's premises during the day and found in a tin tobacco box thrust into the ground by the side of a post of the appellant's garden fence, the money of Roach, which he identified in the presence of appellant and his wife, neither of whom made any claim to same. When this money was found in appellant'sq garden in said tobacco box it was wrapped in an envelope addressed to Ike Criswell, New Willard, Texas, that being appellant's address. The sheriff of the county testified that while they were searching appellant's house he appeared to be perfectly easy, but when they searched his garden he walked the floor and watched the searchers. On appellant's behalf he testified, denying the State's case throughout, and said he did not know how the money came in his garden. The record contains no bills of exceptions, and there is no brief on file for the appellant. The motion for new trial raises the sufficiency of the evidence in various ways, which we have carefully examined, but find ourselves unable to assent to the proposition that the evidence was not cogent enough to justify the jury in their verdict. It was a case of circumstantial evidence, and the law of this issue was submitted by the trial court. The fact of the appellant's knowledge of the presence of this money in Roach's possession,—his being at the premises about dark and his presence not accounted for until ten-thirty o'clock that night, the fact of someone being in the house in the meantime, the finding of the money on appellant's premises and in an envelope addressed to him the next morning after its loss, all of these are of sufficient weight we think, to justify the jury in their conclusion.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

March 2, 1921.

LATTIMORE, Judge.—Appellant makes only the contention that the evidence does not support the verdict. It would be useless for us to cite the long line of uniform decisions by this court affirming the doctrine, that possession of recently stolen property unexplained is sufficient to justify the conviction of a person in whose possession such property is found, of the theft thereof, or of burglary of the house in

which such property was situated.   In the instant case in addition to
the fact of possession are the added circumstances of proof of the
knowledge of appellant of the whereabouts of the alleged stolen money
prior to its disappearance, and also of the further fact that when same
was found on appellant's premises the morning after it was taken it
was wrapped in an envelope addressed to appellant.   This seems so
amply sufficient to justify the jury in their conclusion of his guilt that
we will not further discuss it.

Appellant's motion is overruled.

*Overruled.*